IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS E. McMILLAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-00486-WS-N |
| | ) | |
| ROY O. MARTIN LUMBER | ) | |
| MANAGEMENT CO., L.L.C. | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This action is again before the undersigned Magistrate Judge on defendant's motions to dismiss for lack of prosecution and failure to comply with Court orders (docs. 16 and 23) and on plaintiff's failure to show cause as required by this Court's Order dated March 2, 2012 (doc. 21) why he failed to appear at the hearing set for March 2, 2012 to address not only defendant's aforementioned motion to dismiss (doc. 16) but to address plaintiff's letter request for additional time to find substitute counsel (doc. 18). The plaintiff, Thomas E. McMillan, was ordered to appear on March 2, 2012, by Orders entered on both February 16, 2012 (doc. 17)[1] and February 27, 2012 (doc. 19).[2] Plaintiff

---

[1] The evidence of record establishes that plaintiff received notice of the hearing at issue. *See* Doc. 20 (Return Receipt confirming plaintiff signed for the February 16, 2012 Order on February 24, 2012).

[2] The Order dated February 27, 2012 (doc. 19) was send by regular mail because there was insufficient time to send it certified mail. Delivery to the plaintiff is presumed inasmuch as the mailing was not returned by the Postal Officials as undelivered.

was given the opportunity to show cause for his failure to appear (doc. 21) but did not either attempt to do so or request an extension of time within which to do so.[3]

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action by appearing at the March 2, 2012 hearing as required by the Court's Orders entered on both February 16, 2012 (doc. 17) and February 27, 2012 (doc. 19), the undersigned recommends that, through its inherent powers, defendant's motion to dismiss be **GRANTED** and this action be **DISMISSED WITHOUT PREJUDICE**. Link v. Wabash R.R. , 370 U.S. 626, 630-31 (1962)("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). *See also*, Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)("These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'."); Bethel v. Baldwin County Bd. of Educ., 371 Fed. Appx. 57,  62 (11th Cir. Mar. 30, 2010)("In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."), *quoting* Zocarus v. Castro, 465 F.3d 479, 483 (11th  Cir. 2006);  *see generally* Betty K. Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir.

---

[3] The Court's Order of March 2, 2012 (doc. 21) was sent by certified mail and proof of service was filed on March 15, 2012 (doc. 22).  The Order sent simultaneously by regular mail was not returned as undelivered by the Postal Officials.

2005)(discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 14(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal with prejudice requires " evidence of both contumacious violation of the court's order and a finding that lesser sanctions were not available."); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

As applied to the case at bar, plaintiff was clearly advised in both Orders entered on February 16, 2012 and February 27, 2012 that he "**MUST APPEAR**" and that "**FAILURE TO APPEAR MAY RESULT IN A RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR WANT OF PROSECUTION AND FAILURE TO COMPLY WITH THE ORDERS OF THIS COURT**."  (Docs. 17 and 19, emphasis in original).  In addition, plaintiff was advised in the Order entered on March 2, 2012, when plaintiff failed to appear, that  "**FAILURE TO RESPOND OR SHOW GOOD CAUSE <u>WILL</u> RESULT IN A RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR WANT OF PROSECUTION AND FAILURE TO COMPLY WITH THE COURT'S ORDERS**."  (Doc. 21, emphasis in original).  Under the circumstances, the undersigned concludes, and the Court should conclude, that no lesser sanction than dismissal without prejudice will suffice for plaintiff's failure to prosecute and to comply with this Court's orders.

CONCLUSION

For the reasons stated above, it is recommended that defendant's motions to dismiss (doc. 16 and 23) be **GRANTED** and that this action be **DISMISSED without prejudice** for want of prosecution and failure to comply with the Court's orders.

The Clerk is hereby directed to serve plaintiff with a copy of this Order both by regular and certified mail, return receipt requested.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this  27th  day of March, 2012.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

Objection. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[4] after being served with a copy of the recommendation, unless a different time is established by order." The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party=s arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this   27th   day of March, 2012.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).